## NOEL et al. v. COTTRELL et al.

No. 22822. Opinion Filed April 5, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan (by Eugene Jordan), for petitioners.

Bruno Mayer, for respondents.

CULLISON, J. This is an original proceeding before this court to review an award of the State Industrial Commission made August 12, 1931, in favor of Claud Cottrell.

The pertinent facts in this case are that claimant, Claud Cottrell, received an accidental compensable injury on January 26, 1931, in the nature of a head injury while employed by petitioners herein.

Claimant was paid compensation for the time during which he was temporarily totally disabled. Thereafter, claimant filed his amended motion for hearing with the Commission for the purpose of determining the extent of his serious and permanent disfigurement and the liability therefor.

Said amended motion for hearing alleges that said injury was occasioned by a large quantity of rocks falling from the roof of his employer's mine on to the claimant, knocking him to the ground and breaking his jaws and lacerating his chin; that as a result of said injury the claimant has sustained a serious and permanent disfigurement to the face and head, to wit, misalignment, in that his jaws were not set back in perfect apposition and the lower part of his face is pushed to the left side; that he cannot close his mouth as he did before and his teeth in front will not meet; that he cannot open his mouth squarely and is unable to talk plainly; that at the same time his chin was lacerated and coal dust entered the wounds and cuts and has formed bluish permanent scars.

Pursuant to the hearings held in this cause and the testimony taken, the Industrial Commission entered the following order and award (omitting the caption):

"Order.

"Now, on this 12th day of August, 1931, the State Industrial Commission being regularly in session, the above-styled cause comes on for consideration pursuant to a hearing held at Oklahoma City, Okla., on July 30, 1931, before Chairman Thomas H. Doyle, and a subsequent hearing held at Tulsa, Okla., on August 4, 1931, before Commissioner Mat McElroy, at both of which hearings claimant appeared in person and by his attorney, Bruno Mayer, and respondent and insurance carrier appeared through their attorney Eugene Jordan. The Commission, having reviewed the evidence taken at said hearings, having viewed the claimant, and having inspected the records and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That, on and prior to January 26, 1931, claimant was in the employ of respondent and engaged in a hazardous occupation as the same is defined by the Workmen's Compensation Law of the state of Oklahoma, and that while so employed claimant sustained an accidental personal injury, arising out of and in the course of his employment with respondent, said injury being caused by rocks falling on claimant.

"(2) That claimant has heretofore been paid compensation for the time during which he was temporarily totally disabled.

"(3) That claimant has sustained, as a result of said injury, a serious and permanent disfigurement of his head and face, for which he is entitled to compensation in the amount of $1,000.

"Upon consideration of the above facts,

the Commission is of the opinion that claimant is entitled to compensation for his serious permanent disfigurement in the amount of $1,000.

"It is therefore hereby ordered by the Commission, that within 15 days from the date of this order the respondent or its insurance carrier pay to claimant the sum of $1,000, as compensation for his serious permanent disfigurement.

"It is further ordered by the Commission: That within 30 days from the date hereof, respondent or its insurance carrier file with the Commission receipt or other report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order, the roll was called and the following members voted aye: Doyle, Chairman; McElroy, C., and Fannin, C."

Petitioners appeal from this order and award, and assign as error three propositions of law:

### Proposition 1.

"There is no competent evidence reasonably tending to support the award of the State Industrial Commission to the effect that disfigurement resulted from the injury."

The record discloses testimony of the claimant as follows:

"Q. Did you receive any compensation after you were discharged by the doctors in Tulsa? A. Yes, sir. Q. Since that time have you suffered a change in your condition? A. Yes, sir. Q. Do you have disfigurement and scars on your face? A. Yes, sir. Q. In what way have you been disfigured? A. My jaws have been broken and I can't shut my mouth like I am supposed to, my chin is forward from what it is supposed to be. Q. And your lower jaws? A. They are set back and down to the left. Q. Do your teeth meet at this time? A. No, sir. Q. Did they before the injury? A. Yes, sir. Q. How is your face out of line? A. About one-half of an inch. Q. Do you have scars on your face? A. Yes, sir. Q. Do you have any other scars on your face? A. Yes, sir. Q. Were they caused by this injury? A. Yes, sir. Q. Describe the scars on your chin and face? A. This one is about one and a half inches long. Q. Does it run across your chin? A. Yes, sir. Q. What color is it? A. It is kind of blue. Q. Is it a coal dust colored scar? A. Yes, sir. Q. Can you make your teeth meet in front? A. No, sir. Q. Has it changed your mouth in any way? A. Yes, sir. Q. Which way is your lower jaw displaced at this time? A. Back and to the left. Q. In what way has the contour of your face changed? A. To the left. Q. Has it changed to a very noticeable amount? A. Yes, sir. Q. Was your face even and square before this accident? A. Yes, sir. Q. Now you say your teeth do not meet? A. No, sir, they don't. Q. You cannot make them meet? A. No, sir. Q. And you say before the injury you could make them meet properly? A. Yes, sir. Q. And you tell this Commission that the reason your teeth don't meet now is a result of the accident? A. Yes, sir."

It will be observed that the claimant testified as to the nature of his disfigurement, and swore positively that his disfigurement in the nature of misalignment of his face did not exist before the injury, but did exist after the injury, and that such was the result of the accident. He further testified, it will be noted, that his disfigurement in the nature of coal dust scars was caused by the injury.

Dr. A. H. Haney testified as follows:

"Q. Doctor, did you find a change in the contour of his face? A. Yes. * * * Q. What was the change? A. Jaw was changed posteriorly. Q. Was there any difference in it laterally than in a normal face? A. Yes, a little laterally."

The doctor further testified that claimant's mouth was too far over to the left by half an inch, and that the only way to relieve the claimant's disfigurement would be to rebreak claimant's jaws in order to realign them properly.

We think the quoted testimony is competent evidence which reasonably tends to support the finding of the Commission that disfigurement resulted from the injury. Under the rule of this court, as pronounced in the case of Loffland Bros. Co. v. State Industrial Commission, 148 Okla. 190, 298 P. 259, the finding of the State Industrial Commission that claimant has sustained a serious and permanent disfigurement to the head and face as a result of an injury is a finding of fact, and said finding will not be disturbed by this court if there is any competent evidence reasonably tending to support the same. We, therefore, hold against petitioners on their first contention. Petitioners next contend:

### Proposition 2.

"The uncontradicted testimony of the medical experts testifying was to the effect that disability which could be removed by safe and simple treatment which was fairly certain to result in the removal of such disability and by reason of the claimant's refusal to avail himself of such reasonable remedial measures, he is not entitled to compensation therefor."

It will be observed that petitioners contend under their second proposition that claimant refused to avail himself of reasonable remedial measures designed to remove said disfigurement.

Dr. A. H. Haney testified that the only way to relieve claimant's disfigurement would be to rebreak claimant's jaws in order to realign them properly. The doctor further testified that an operation to rebreak the jaws was a major operation and dangerous to life for the reason that the mouth was more susceptible to infection than any other part of the body. He further testified that if such a plastic surgery operation was had, scars would still remain.

The record fails to disclose where the petitioners at any time offered the claimant any treatment that would correct or diminish the disfigurement caused by reason of the misalignment of his jawbone.

It is true that at the close of the hearings in this cause petitioners tendered claimant services of a dentist to remove his wisdom teeth. It does not appear that claimant ever attempted to hold petitioners liable for the erupting of his wisdom teeth; neither does it appear that claimant anywhere contends the cutting of his wisdom teeth was the result of trauma. It is likewise true that at the same time (i. e., the close of the hearings) petitioners tendered claimant a removal of the coal dust scars by practical surgery as used by skin specialists in such cases. However, the petitioners admit that this was the first time they had ever tendered claimant treatment for the removal of the scars.

There was testimony before the Commission that the coal dust scars could not be removed by electric needle without leaving scars, and we are of the opinion that the Commission did not err in refusing to compel claimant to accept this late tender of medical treatment with its doubtful value. Having failed to offer any treatment that would correct or diminish the disfigurement of claimant, the petitioners cannot be sustained in their second assignment of error.

Petitioners contend, lastly:

Proposition 3.

"That the allowance of $1,000 for the disfigurement in this cause constituted an abuse of discretion on the part of the State Industrial Commission."

The statute applicable to this situation is a portion of subdivision 3, sec. 7290, C. O. S. 1921, as amended by Session Laws of 1923, chapter 61, sec. 6, which reads as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000. * * *"

The finding of the State Industrial Commission on the question of permanent disfigurement is as follows:

"No. 3. That claimant has sustained, as a result of said injury, serious and permanent disfigurement of his head and face, for which he is entitled to compensation in the amount of $1,000."

The petitioners' argument under this assignment of error is that the Commission abused its discretionary powers in making claimant an award of $1,000. This calls for an analysis of the statutory provision, supra.

This court has held:

"The great cardinal rule in the construction of statutes is to ascertain and give effect to the intention of the Legislature." LeFlore v. Sanders, 24 Okla. 301, 103 P. 858; Territory v. Clark, 2 Okla. 82, 35 P. 882; School District v. Long, 2 Okla. 460, 37 P. 601."

An analysis of that part of the statute quoted, supra, applicable to this case, to our minds, clearly evidences an intention on the part of the Legislature to allow the injured employee compensation for a serious and permanent disfigurement of the head, face, or hands in any sum not to exceed $3000, and the Industrial Commission is vested under the statute with jurisdiction to make such an award. Seneca Coal Co. v. Carter, 85 Okla. 220, 205 P. 495. Under the statute, supra, the exact amount of compensation to be awarded a claimant for serious and permanent disfigurement is to be determined by the Commission within the limitation prescribed.

It appears from the record that there was competent testimony before the Commission to the effect that claimant had sustained a serious and permanent disfigurement to his face and head as a result of the injury. No authority is cited by petitioners which authorizes this court to modify an award of this character, where supported by competent evidence. Supplementing the testimony, the Commission saw the claimant, and observed the nature and extent of the disfigurement suffered; and the effort of the petitioners to minimize the disfigurement of claimant cannot meet with our concurrence under its findings. Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 P. 98.

The award is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.