15506

BROWN *ET AL.* v. TOWN OF PATRICK

(24 S. E. (2d), 365)

July, 1942.

*Mr. James E. Leppard,* of Chesterfield, Counsel for Appellants,

*Messrs. Royall & Wright,* of Florence, Counsel for Respondent,

February 17, 1943.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

The complaint in this action by numerous plaintiffs alleges that the plaintiff Brown received from the Industrial Commission an award of workmen's compensation, affirmed on appeal by the Court of Common Pleas and entered as a judgment about August 10, 1938, for accrued installments in the amount of $480.00 and costs against the defendant, the Town of Patrick, in Chesterfield County; that execution thereon has been returned *nulla bona*; and since the entry of judgment compensation is accruing to this plaintiff in the amount of $5.00 per week, none of which has been paid; that thereafter the Industrial Commission "has approved hospital and medical bills" aggregating over $1,-500.00 owing to the other plaintiffs; that the latter have be-

sought the town authorities to levy and collect sufficient taxes to pay the debts due plaintiffs and they have failed and refused so to do; and the prayer is for a writ of mandamus to, *inter alia,* require the town council and clerk to levy and collect sufficient taxes and apply the proceeds in payment of the obligation due plaintiffs.

For a first defense the answer admits the recited allegations referring to the judgment entered in favor of the plaintiff Brown, return *nulla bona* of execution thereon, denies knowledge or information as to the amounts alleged to be owing to the other plaintiffs and denies the remaining allegations of the complaint. The answer also contains a second defense in which are repeated the allegations of the first defense, just referred to, and in Paragraph IV alleges that the defendant town of less than one thousand inhabitants is incorporated under the applicable Code provisions, Article 2, Chapter 150, Volume 3 of the Code of 1932, of which section 7414 (the same number in the Code of 1942) expressly limits the authority of the town to tax its property to five mills, and that its taxable property totals only $28,000.00, wherefore the annual property tax levy yields $140.00; that in addition business licenses, fines and costs of the mayor's (intendent's) Court together yield an amount which with property taxes does not exceed $1,270.00 annually, "barely sufficient to meet the current expenses indispensably necessary to operate the Town government," and that there are no funds in the treasury of the town from which plaintiffs' claim can be paid, that the town owns no property and has no other means to meet plaintiffs' demands and its authorities are without legal power to levy any additional tax for that purpose.

Plaintiffs moved to strike from the answer the second defense as irrelevant and redundant, which was granted by the Circuit Court and this appeal is from the order. The latter is based upon two grounds, first that the limitation upon the power of the town authorities to levy taxes, Code Sec-

tion 7414, is applicable only to voluntary obligations and not to obligations imposed by law, citing 44 C. J., 1127 and 1277 (1278?) and the authorities in *Menar v. Sanders,* 169 Ky., 285, 183 S. W., 949, L. R. A., 1917-E, 422 *et seq.* (See also, annotation in 94 A. L. R., 937.) And the order is placed upon the further ground that the limitation of Code Section 7414 was in effect amended by the subsequent passage of the Workmen's Compensation Act, of which expressly were cited Sections 8 and 18½ (now Secs. 7035-8 and 7035-21 of Code of 1942), and it was said that the latter Act is a direction to municipalities to pay employees certain compensation under specified conditions, which would be meaningless if Section 7414 continued as an obstacle to such payment.

Appellants submit three questions: (1) Does the town have power to levy property taxes in excess of five mills? (2) Can it be required by mandamus to levy a tax in excess of five mills to pay a judgment obtained upon an award of the Industrial Commission? And (3) Does the Workmen's Compensation Act so authorize the town?

It is thus seen that the questions do not include the first which occurs to the Court upon consideration of the record, to wit: Does a town so small as Patrick, with so little revenue, come within the terms of the Workmen's Compensation Act, particularly in view of the provision of the section originally numbered 14, now Section 7035-16 of the new Code, whereby employers of less than fifteen employees are expressly excluded from the application of the Act? But no such question is made by the present appeal record and the validity of the award and the judgment will not be considered. Under the pleadings, they are the law of this case.

The questions for consideration, stated above, need not be treated separately. They make but one, to wit: Are respondents entitled to a writ of mandamus requiring the town authorities to levy property taxes in excess of the au-

thorized five mills in order to pay respondents' claims? This is, in effect, in agreement with the statement of respondents in their brief that the issue is: "Whether or not the town of Patrick has been authorized by legislative enactment to levy a general property tax for the payment of the judgments * * *."

The intendent and wardens of the Town of Patrick have no power to levy taxes except as that power is given them by the General Assembly. Constitution of 1895, Article VIII, Section 6. *Carroll v. Town of York.* 109 S. C., 1, 95 S. E., 121. Such express power as they have to levy property taxes is found in Section 7414 of the Code. This provision is an authorization of an annual levy of not exceeding five mills rather than a limitation of power. But respondents say, and the trial Court held, that by the passage of the Workmen's Compensation Act the General Assembly granted unlimited authority to the town to tax for the purpose of payment of compensation awards against it. Such, however, is not at all clear, as will be seen.

The complaint in the action is for mandamus, in part to compel levy by the town of sufficient taxes to pay the amounts involved in the award. It was stated in argument that they aggregate over three thousand dollars which would require in property taxes, according to the pleadings, over one hundred mills, whereas the statutory (Section 7414) power, that existing at the time of the passage of the Compensation Act, is to levy not over five mills annually.

Mandamus will issue only to enforce clearly existing duties of public officers. *Green v. West,* 161 S. C., 161, 159 S. E., 23. It is not an instrument for the increase of corporate powers of municipal authorities: "The writ will not issue where the duty is doubtful." 38 C. J., 691.

Cases of other jurisdictions were followed by the lower Court and are urged by respondents, including many decisions of the Federal appellate Courts, which fall into two general classes, to wit, first where the peremptory writ of

mandamus was allowed to require the levy of taxes for the payment of tort liabilities, despite limitations upon the power to tax for ordinary or usual municipal expenses; and the second class is where the legislative body which has the power to authorize taxation does, authorize unusual expenditures, bond issues, purchases, improvements, etc., from which authorization the Courts will imply the corresponding authority to levy the necessary taxes to meet the expressly authorized unusual expenditure.

These cases, however, are not apposite to that at ██ bar. It is generally conceded that payment of workmen's compensation, where such liability exists, is not a capital or unusual expenditure, but on the contrary is an operating expense and a contractual liability—the terms of the Act, when applicable, being a part of the contract of employment. Section 7035-6, Code of 1942. And for another reason it is certainly not a tort liability, the payment is of compensation, not damages, and conditions for tort liability need not exist. 71 C. J., 232 et sequi.

It was said in *Woodcock v. Board of Education,* 55 Utah, 458, 187 P., 181, 184, 10 A. L. R., 181, where the problem was the payment of compensation awarded a school teacher who was injured by accident in the course of her employment: "As applicable to ordinary employers the term compensation merely means that the funds provided to pay salaries and wages must be increased so as to meet the claims for compensation, precisely as that would have to be done in case of an increase in salaries or wages or an increase in the number of employés. Compensation, therefore, is merely another term for salaries or wages; * * *. The fund, therefore, out of which the compensation must be paid in the case of an ordinary employer is the salary or wage fund, while in the case of school districts it manifestly must come out of the support and maintenance of schools fund."

The situation here presented is similar to that stated by the Utah Court in its opinion in the case just referred to as

follows: "If by reason of the law the tax limit is such that a sufficient support and maintenance fund cannot be raised for the support and maintenance of the schools, the duty is with the legislative department to pass laws authorizing school districts to raise sufficient funds."

Brown was policeman of the Town of Patrick and it appears that he suffered his unfortunate accident in line of duty, but if instead of assertion by him of liability for the payment of compensation, his salary were unpaid, it would not be contended that he would be heard to say that he was entitled to a writ of mandamus to require the town council to levy taxes in excess of its statutory authorization for the payment of his arrearage in salary. Yet the liability for the payment of compensation, when it exists, is similar to that for the payment of salary, as we have seen.

The old case of *State ex rel. Atkins v. Maysville,* 1879, 12 S. C., 76, has been of assistance. It appears that the Act constituting the charter of the town, although a delegation by the General Assembly of municipal powers, was silent upon the subject of taxation. The relator obtained a judgment upon a tort liability of the town and then sought a writ of mandamus to compel the corporate authorities to levy property taxes for satisfaction of the judgment, payment of which could not be enforced by ordinary process. The Court declined to imply the power of taxation, just as in this case we fail to find that by passage of the Compensation Act, the General Assembly intended to affect the limitations upon municipal taxation which it had fixed by prior enactments. It is, we think, more reasonable that its intention was that where obligations arose on the part of municipalities under the Compensation Law, they would be met by the proceeds of the sources of income provided for municipalities by other legislation.

It was unsuccessfully argued in the last-mentioned case that the Constitution then in effect provided that the "General Assembly shall require that all prop-

erty * * * within the limits of municipal corporations, shall be taxed for the payment of debts contracted under the authority of law." Similar provision is in the present Constitution (1895) and is cited by respondents. Article 8, Section 6. But it is coupled with and merely modifies the direction to the General Assembly to vest in municipal authorities the power to assess and collect taxes which has been done in the case of Patrick perforce Code Section 7414, *supra*. The quoted constitutional provision was ineffectual to imply the vesting of power to tax by the Legislature in Maysville, and should not now raise an implication of the vesting of a greater (in effect, unlimited) power in the municipal authorities of Patrick than has been done by the enactment of Code Section 7414.

In the view expressed it has not been necessary to consider the applicability of the rule that the extraordinary remedy of mandamus will not be afforded as a matter of strict legal right but rests in the sound discretion of the Court. *Atlantic Coast Line R. R. v. Railroad Commission*, 89 S. C., 472, 72 S. E., 18.

It is therefore found that the trial Court erred in its conclusion; the exceptions are sustained and the order appealed from, in so far as it struck out the second defense of the answer, is reversed.

MR. CHIEF JUSTICE BONHAM, MR. ASSOCIATE JUSTICE FISHBURNE and CIRCUIT JUDGES L. D. LIDE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.