15725

SCHWARTZ v. MOUNT VERNON-WOODBERRY MILLS, INC.

(33 S. E. (2d), 517)

*Mr. Henry H. Edens* and *Miss Edith Pratt Breedin,* both of Columbia, S. C., Counsel for Appellant,

*Messrs. McKay & McKay,* of Columbia, S. C., Counsel for Respondent,

Counsel for Appellant, in Reply,

March 22, 1945.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court:

In this workmen's compensation case both employee and employer appealed from the award of the Industrial Commission and the Circuit Court overruled that of the employee and favorably acted upon that of the employer by undertaking to reduce the award for disfigurement from $2,000.00 to $500.00. Thereupon the claimant prosecuted this appeal from the judgment of the court, wherein the employer is alone the respondent.

After long experience in textile work, claimant entered the night employ of respondent and on his second shift suffered a traumatic injury to his left eye which had the unusual ef-

fect of obstructing the exit tear duct so that instead of its natural discharge of necessary fluid in and about the eye, tears well up in the gland until it overflows, meanwhile dimming the normal vision of the eye. The accumulated tears are then discharged over claimant's cheek and the whole process starts over again. The condition appears to be permanent. Before this compensable accident, and entirely independent of it, claimant had (and has) cataracts in both eyes, whereby the vision in the injured eye was reduced to twenty per cent of normal and in the right, uninjured eye, to the extent that the vision was (and is) impaired ninety per cent.

The Commission found that half of the pre-existing vision (equal to ten per cent. of normal) in the injured eye has been lost as the result of the accident and pursuant to Section 7035-34 of the 1942 Code awarded him the specific compensation thereby provided, following the language of the statute, Subsec. (t): "The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss."

Claimant's zealous counsel (one, a fair Portia!) have argued that since the disability found is permanent and to the extent of fifty per cent. of former vision the award should have been for fifty per cent. of the loss of an eye of normal vision, and they say in attempted substantiation of this claim that had the eye been a normal one, fifty per cent. disability would have resulted from the accident, but there is found in the record no justification for this assumption of fact. The express provision of Section 7035-36 is interesting in this connection, to the effect that an employee who had a prior permanent, partial disability and is afterward injured by a compensable accident (such as specified in Sec. 7035-34), "he shall be entitled to compensation only for the degree of disability which would have resulted from the later

(compensable) accident if the earlier disability or injury had not existed."

The transcript of record for appeal contains the required statement, an additional agreed statement of facts and the Hearing Commissioner's findings and award (which it is said were affirmed and adopted by the Industrial Commission), together with the decree of the Circuit Court upon appeal thereto. Of course, we are confined in our consideration to the facts contained in these documents; and since the testimony was not included in the appeal record, we can entertain no question relating to the propriety of the factual findings of the Commission. Such are binding upon the courts if founded upon substantial, supporting evidence; and the presence of the latter is presumed in view of the stated contents of the record before us. Sec. 7035-63.

Appellant's interesting argument is based, as said above, upon the premise that the accident would have resulted in fifty per cent. impairment of a normal eye, but no such finding is apparent in the record. In the "statement" in the agreed transcript for appeal it is said that the Commission found that appellant "sustained a ten per cent. permanent disability to his left eye, being one-half of the $^{20}/_{200}$ vision of that eye prior to claimant's injury." The concluding words of the additional "Agreed Statement of Facts" are as follows: "The welling of tears because of the obstructed duct reduced such vision as claimant had in his left eye by half." And earlier in this factual statement it was said that the vision in that eye had already been reduced by cataract to $^{20}/_{200}$. Clearer even than these quotations is the following finding of fact by the Hearing Commissioner: "3. It is found as a fact that as the result of said accident, the claimant has sustained a 10 per cent. permanent disability to his left eye, the 10 per cent. being one-half of the $^{20}/_{200}$ vision had by the claimant at the time of his entry of employment with the defendant * * *."

These excerpts from the record leave no room for argument other than that the Commission has found the facts against claimant's contentions in this respect; and we are bound by them, as has been said. This phase of the claimant's appeal must be, and is, overruled, we think without necessity for extended discussion or the citation of authority other than the Compensation Law itself, to the several pertinent provisions of which we have referred.

The remaining branch of the appeal, however, presents difficulty. The persistent and permanent affliction of appellant which resulted from the accident has been described. The Commission found that since the accident the claimant is practically blind (also called "industrially blind"), cannot do ordinary work, is unable to read at all and, quoting, "now walks with a halting, shuffling gait, feeling his way along with head bowed and arms outstretched when approaching steps or buildings. His left eye constantly waters, overflows or is on the verge of overflowing. His appearance is extremely unsightly and pathetic." And in the findings of fact of the Commission is the following: "5. It is found as a fact that the claimant has a serious facial disfigurement extremely noticeable to view and paralyzing to the prospects of the claimant's future employment, such disfigurement entitling the claimant to the sum of Two Thousand ($2,000.00) Dollars."

The Circuit Court, upon appeal to it, found and ordered as follows:

"This Court concludes that under the evidence before it, including its opportunity to have viewed the claimant, that the award made by the Commission of $2,000.00 is legally excessive, inequitable and to allow this award to stand in the sum awarded would work an injustice. However, as heretofore stated, the claimant is entitled to some compensation for his facial disfigurement, and in view of all of the evidence in the case this Court is satisfied that the sum of

$500.00 for facial disfigurement would be an equitable and just sum.

"It is therefore,

"Ordered, Adjudged and Decreed:

* * *

"(2) That the award of $2,000.00 for facial disfigurement be and the same is hereby reduced to the sum of $500.00."

Appropriate exceptions by claimant in his appeal to this court challenge the propriety of the foregoing judgment of the lower court in view of the factual findings in the record and the action of the Industrial Commission thereon.

It is of the utmost significance that the learned trial judge cited not one decision of any court in which an award of workmen's compensation for disfigurement was reduced by the court; the briefs of counsel are similarly barren of any such precedent; and we know of none. Contrary trend is illustrated by the following: *Arrow Gasoline Co. v. Holloway,* 122 Okl., 257, 254 P., 98; *Noel v. Cottrell,* 156 Okl., 161, 10 P. (2d), 254; *Red Rover Copper Co. v. Industrial Commission,* 58 Ariz., 203, 118 P. (2d), 1102, 137 A. L. R., 740; *State ex rel. Butram v. Industrial Commission,* 124 Ohio St., 589, 180 N. E., 61; and *Sinnes v. Daggett,* 80 Wash., 673, 142 P., 5.

An illuminating discussion is found in the opinion by Mr. Justice Cardozo (who afterward made a highly enviable record on the Supreme Court of the United States) in *Sweeting v. American Knife Co.,* 226 N. Y., 199, 123 N. E., 82, 83, from which the following is quoted:

"The commission has found that there has been serious facial disfigurement, and that an award of $2,500.00 is fair and equitable. Those are the ultimate facts to be embodied in the decision. The capacities and opportunities of the individual claimant have at the utmost an evidential value. It is true that the commission has a wide discretion, and in fixing a fair and equitable compensation it may inquire into

all the circumstances that will help to guide its judgment. But those circumstances, however pertinent as evidence, have no place in the findings. The mutilated face, like the mutilated arm or leg, is the capital fact upon which liability depends. The injury alone, without other proof of loss, makes out the claimant's handicap in the struggle for existence. Given the fact of injury, the commission is to assess the damages. The presumption is that all relevant circumstances have been weighed in the assessment. These findings, therefore, would be adequate even if the commission were a court. But in truth it is not a court, and the niceties of code practice have no place in its procedure. Its decision states the facts essential to liability. No more should be exacted.

\* \* \*

"Nor does the statute become invalid because the commission has some discretion in fixing the amount. The Legislature may provide for such a method of 'adjustment, determination and settlement' as it will. There is reason for the distinction which it has drawn between facial disfigurement and other injuries, though the reason is hardly our concern. Some injuries, as for instance the loss of a limb, may be so defined and classified that the appropriate compensation may, with a fair average of justice, be estimated in advance. But cases of disfigurement have their special problems. It is difficult, if not impossible, to define and classify the injuries. A flexible compensation makes for justice alike to employer and to workman."

The latter case was affirmed by opinion reported in *American Knife Co. v. Sweeting,* 250 U. S., 596, 40 S. Ct., 44, 63 L. Ed., 1161. See comment upon this and other New York cases in 80 A. L. R., 972.

The Supreme Court of our sister state of North Carolina, the similarity of whose compensation law to ours is well known, recently said this in *Stanley v. Hyman-Michaels Co.,* 1942, 222 N. C., 257, 22 S. E. (2d), 570, 576: "What is reasonable compensation for serious disfigurement is for

the determination of the Commission in each case in the light of the facts established by competent evidence." (This case is specially interesting to us because of the citation of several of our decisions.)

One of the grounds of appeal to this court in *Price v. Horton Motor Lines,* 201 S. C., 484, 23 S. E. (2d), 744, was that the award of $2,000.00 for facial disfigurement (the same as in this case) was excessive and unwarranted by the evidence; the claimant was then employed (after his injury) as a State Highway Patrolman. This court allowed the award to stand for insufficient showing to the contrary. The effect of the decision was to uphold the discretion of the Industrial Commission thereabout.

What has been said from time to time in the past by this court likening the Industrial Commission to a law court (particularly in *Poole v. Saxon Mills,* 192 S. C., 339, 6 S. E. (2d), 761, where disfigurement award of $1,250.00 for facial scars was attacked but affirmed) was valuable for the purpose of analogy and served to illustrate the various points involved on those occasions. But we have not heretofore held the Commission to be a court, and it is not. The following is from 71 C. J., 917, par. 655, Workmen's Compensation Acts: "Although under some statutes it has been held that the compensation board exercises judicial functions and is a judicial body, as a general rule it has been held that such a board is an administrative body belonging to the executive department of the state government through which the state functions with regard to employees who are entitled to compensation for injuries received in the course of their employment, or, as has been said, that it is a ministerial and administrative body, and, that although some of its powers are *quasi*-judicial or judicial in their nature, and although it may perform some incidental judicial functions, it has no judicial power within the general acceptation of that term or in the sense in which the term is used in constitutions, and the members are not

considered as judicial officers, nor as a judicial body, nor as a Court of general nor even of limited common-law jurisdiction."

The learned lower Court attempted to exercise a supposed right to reduce the award as would a trial Judge reduce the verdict of the jury in a law case, but without the procedure of ordering a new trial *nisi,* upon the ground that the amount was excessive. But we think that under the statute, whether or not it was so is within the discretion of the Commission, not the Court on appeal, in the absence of passion, prejudice, caprice or the like, which the Court did not find.

And respondent argues earnestly that the Commission should be considered a Court, inferior to that of Common Pleas to which appeals on matters of law are provided, Code, Section 7035-63; therefore, it is said, the provisions of Art. 5, Section 15, Constitution of 1895, and Ch. 47 of the Code of Civil Procedure of 1942 (entitled, "Appeals to the Circuit Court from an Inferior Court") are applicable, under the authority of which a disfigurement award may be considered a verdict or judgment, and the amount revised downward on appeal.

But we think it clear that the Industrial Commission is not a Court within the contemplation of these statutes. It is an administrative tribunal exercising some *quasi*-judicial functions, whose every power is found in the statutes creating it, expressly or inferentially. It and its jurisdiction were created to avoid some and minimize other pitfalls and delays to which the adjustments of the reciprocal rights and duties growing out of the master and servant relation were subject in the law Courts and to relieve labor of some of the economic burden which flows from industrial accidents. *Thompson v. J. A. Jones Const. Co.,* 199 S. C., 304, 19 S. E. (2d), 226. Its awards are not damages as such are known to the law; it knows no torts; its juris-

diction, which is purely statutory, depends upon contract. *Brown v. Town of Patrick,* 202 S. C., 236, 24 S. E. (2d), 365.

Repeating for clarity and emphasis, the constitutional and statutory provisions for appeal to the Circuit Court from inferior Courts, and decisions under them, are not pertinent to appeals from the Industrial Commission for the simple reason that the latter is not a Court in that constitutional and statutory sense; and, by the same token, the authority of those decisions is not impinged by the construction and application of our Workmen's Compensation Act to controversies within its sphere. It is clear that workmen's compensation legislation has blazed a new trail in which some of the ancient landmarks of the law have lost their former significance.

What of Code, Section 7035-63, invoked by respondent, as follows: "The award of the commission * * * shall be conclusive and binding as to all questions of fact; but either party * * *. may * * * appeal from the decision of said commission to the court of common pleas * * * for errors of law under the same terms and conditions as govern appeals in ordinary civil actions"? Upon consideration of the whole act and its drastic departures from the common law which it displaced, we think the answer is patent that the procedure upon appeal must not be permitted to conflict with the novel substantive law which the act contains.

It explicitly provides: "In case of serious facial or head disfigurement, the industrial commission shall award proper and equitable compensation not to exceed $2,500." Sec. 7035-34(t). Thus upon the factual finding of serious disfigurement of this nature, it is mandatory upon the commission to make an award. *Murdaugh v. Robt. Lee Const. Co.,* 185 S. C., 497, 194 S. E., 447. The legislative injunction is upon them that it be "proper and

equitable", not upon the Court of appeal, which should not interfere in the absence of an arbitrary or capricious award. The amount of the award is within the discretion of the Commission (provided it be within the statutory limit, as here), plainly so under the statute.

The peculiarity of the act in this respect was discussed in our case of *Poole v. Saxon Mills,* 192 S. C., 339, 6 S. E. (2d), 761, 765, where $1,250.00 for facial disfigurement was awarded, and the Court said:

"We can gather some idea of the intention of the Legislature in the use of the word 'serious' or the phrase 'serious facial or head disfigurement' in the wide latitude given in the awarding of compensation on account thereof, there being no minimum amount fixed, but a maximum of $2,-500.00. If the facial and head disfigurement must, in fact, be so serious that it not only is apparent and noticeable upon sight, must within itself attract attention, but must also handicap one in the procurement of employment and affect his social activities, we venture to think that a minimum amount would have been provided in the Act. We conclude that the word 'serious' was used in the sense that the disfigurement should be much more than slight, and partaking of permanency.

"There being competent evidence to sustain the findings of fact by the Industrial Commission, the Circuit Judge properly affirmed its finding and holding thereabout. *Rudd v. Fairforest Finishing Plant,* 189 S. C., 188, 191, 192, 200 S. E., 727, and cases therein cited."

Another controlling consideration in this controversy is that implicit in an award for disfigurement are factual findings by the Commission (the fact and degree of disfigurement) which latter are expressly binding upon the courts under Section 7035-63, quoted hereinabove. Such will be reversed on appeal only in the absence of any substantial, supporting evidence. 34 (Part 2) S. E. D., 858

*et seq.,* Workmen's Compensation, Key 1939. For the purpose of this case the rule immediately applicable may be expressed in other words, as follows: In the absence of a showing that the award was influenced by caprice, passion, prejudice or fraud, it will not be disturbed on appeal. The Circuit Court did not find any such—only that the amount was excessive and inequitable. That is, it was so in the opinion of the Court, but the Court cannot substitute its opinion for that of the Commission without running afoul of the law. The amount of the award must be the opinion or conclusion of the Commission, consonant with the law and formed after the consideration of competent evidence, without caprice, passion or other ulterior influence.

An award for disfigurement was reversed for "error of law" on the part of the Commission in the very recent case of *Logan v. Williams Furniture Co.,* S. C., 33 S. E. (2d); 78. There the award was erroneously arrived at in contemplation of an inapplicable (because subsequent) statute. Here, we find no error of law, hence the Commission is sustained and this feature of the appeal from the Circuit Court is determined adversely to the respondent-employer.

The judgment of the lower Court is affirmed in part and reversed in part, and the award of the Industrial Commission is reinstated *in toto.*

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Taylor and Oxner concur.