AKERS AUTO SALVAGE and the State
Insurance Fund, Petitioners,

v.

Don WADDLE and the State Industrial
Court of the State of Okla-
homa, Respondents.

No. 40549.

Supreme Court of Oklahoma.

July 21, 1964.

Mont R. Powell, Fred Nicholas, Jr., Oklahoma City, for petitioners.

Richard J. Spooner and Harley E. Venters, Oklahoma City, for respondents.

BERRY, Justice.

This original proceeding presents for review the correctness of an order made by the trial judge and affirmed by the Industrial Court en banc, except for a deletion not material herein. The facts supporting the claim are undisputed and only a brief summary of the proceedings is required.

Claimant sustained an accidental personal injury on March 28, 1962, in the course of his hazardous employment with respondent. The injury was described in the Form 3, filed May 7, 1962, as: "almost total avulsion of the right ear, laceration of mastoid area skin and undermining of parietal scalp, basilar skull fracture." He was given medical treatment, principally by Dr. Mc, which was continued until August, although claimant had returned to work July 17, 1962.

On August 28, 1962, claimant filed application for additional medical attention asking that, although respondents had furnished medical attention required by 85 O.S.1961 § 14, additional medical treatment be awarded for reconstruction of his ears by plastic surgery; application be set down for hearing; the question of permanent

partial disability be reserved for future hearing.

The matter was heard October 10, 1962, at which time medical reports of claimant's doctor and two other physicians who examined claimant were introduced. Claimant's doctor stated claimant had suffered permanent, marked disfigurement of the right ear which could be improved by plastic surgery reconstruction; this would require setting back the normal ear to give an appearance similar to the reconstructed ear; separate operative procedures would require multiple hospitalizations, result in periodic loss of work time, and cost approximately $3,000.00 for the combined medical expenses.

The reports of the other examining physicians were consistent with the findings of claimant's doctor, except that no permanent disability from the accidental injury was found, aside from disfigurement. Additionally, one of respondents' doctors stated no further treatment was indicated unless the ear was reconstructed, which was a drawn-out procedure with poor prognosis for the end result.

On December 13, 1962, the trial judge entered an order finding the facts of a compensable injury; that claimant had applied for additional medical treatment, and was entitled to an order authorizing surgical reconstruction of his ear "for purpose of improving said right ear and lessening permanent disfigurement by reason of present condition of said right ear of claimant." Respondent was ordered to pay all reasonable and necessary expenses incurred by reason of surgery, as well as compensation for all temporary disability resulting therefrom.

This order was appealed to the Industrial Court en banc, and there affirmed except for a minor change, accomplished by deletion, which has no relation to the issue herein considered.

Respondents now seek to have the order appealed from vacated and the cause remanded for further proceedings. Respondents urge the Industrial Court was without authority to order the plastic surgery when claimant suffered no loss of hearing and had returned to his employment, particularly since reconstruction requires surgery upon the uninjured ear and the results are considered conjectural and may not lessen the disfigurement.

Basically respondents' argument is that an accidental injury to the ears is to be compensated for under the schedule, 85 O.S.1961 § 22, by an award for (a) loss of hearing; (b) disfigurement; (c) or for both hearing and disfigurement. Thus, since claimant suffered no loss of hearing, the only award which could be entered under Section 22 would be for the disfigurement, and the Industrial Court lacked authority to order plastic surgery, of doubtful value and involving the normal ear, at respondents' expense.

The statute, 85 O.S.1961 § 14, in pertinent part provides:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty days after the injury, or for such time in excess thereof as in the judgment of the Commission may be required. * * *"

Respondents then point out the general rule stated in 99 C.J.S. Workmen's Compensation § 269a at p. 920:

"Generally speaking, the burden placed on the employer to furnish or pay for reasonable medical, surgical, or hospital services is designed to cure or relieve the employee's compensable injuries or disabilities, and as far as possible restore his health, usefulness, and earning capacity. * * *"

In view of the statute and the general rule, respondents assert that because of the fact that plastic surgery will not definitely improve claimant's disfigurement, the liability to furnish medical treatment under the requirements of Section 14, supra, ceases and claimant is relegated to the

remedy reserved under the disfigurement provision of Section 22, supra.

As authority for their position, respondents cite Noel v. Cottrell et al., 156 Okl. 161, 10 P.2d 254, and Wilson v. Brown-McDonald Co., 134 Neb. 211, 278 N.W. 254, 116 A.L.R. 702. The Nebraska decision cannot be considered persuasive, having been decided under a specific statute which made no provision for compensation for disfigurement. Neither does the Cottrell case provide support for respondents' argument, since clearly distinguishable from the instant case. The result in the Cottrell case was reached upon the basis of evidence that the employer had failed to tender treatment to alleviate claimant's condition until the close of the hearings; and that the Industrial Commission did not err in deciding as a question of fact that claimant should not be required to submit to plastic surgery where related surgery was major surgery and dangerous to life.

There is a recognizable difference between ordering requested surgery in an effort to repair and alleviate permanent disfigurement, and refusal to order an injured employee to submit to major surgery which endangers life. In the latter instance we have held that the Court is without authority to order claimant to submit to an operation involving even a slight risk, in order to minimize the employer's pecuniary obligations. Steelman v. Justice, 204 Okl. 117, 227 P.2d 647; Henley v. Oklahoma Union Ry. Co., 81 Okl. 224, 197 P. 488, 18 A.L.R. 427. In the first instance where the injured claimant requests additional medical attention, as did claimant herein, the requirements of Section 14 that the employer must furnish all medical attention determined by the Industrial Court to be reasonably necessary, would be meaningless unless that Court has authority to compel such medical treatment as it determines to be required.

Under Section 14 injured claimants are entitled to such medical care, surgical attendance and treatment as the Industrial Court may determine necessary. This determination, of necessity, is a question of fact for the Industrial Court. Where supported by sufficient evidence, this determination will not be interfered with on review. Douglas Aircraft Co., Inc. v. Titsworth, Okl., 356 P.2d 365. The last cited case involved consideration as to the propriety of allowance of medical expenses incurred more than 60 days after injury. In the body of the opinion, at page 369, we recognized that Section 14 in no manner circumscribes the authority of the Industrial Court to allow and approve necessary medical expenses of the claimant incurred more than 60 days after the injury when further medical attention has been refused by the employer, and stated:

" * * * We are not at liberty to engraft any limitation upon, nor curb, the authority of the State Industrial Court in the absence of a clear legislative intent to that effect."

The following text rule appears in 99 C.J.S. Workmen's Compensation § 271:

" * * * An operation on the face of an employee who has suffered serious disfigurement from his injury, in order that the face be rendered less repulsive, is within the purview of a statute requiring the furnishing of such medical and surgical treatment as may be reasonably required to cure and relieve from the effects of the injury."

The case of Los Angeles County v. Industrial Accident Commission, 202 Cal. 437, 261 P. 295, is cited as disclosing application of the text rule. The relevant portion of the California statute under which the case was decided provides:

" 'Where liability for compensation under this act exists, such compensation shall be furnished or paid by the employer and be as provided in the following schedule:

" '(a) Such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches and apparatus, including artificial members, as may reasonably

be required to cure and relieve from the effects of the injury. * * *' "

In that case it was contended that it was beyond the jurisdiction of the Industrial Accident Commission to enter an order requiring the employer to furnish plastic surgery and treatment recommended by the physician. The argument was that such procedures were only for cosmetic effect and the employer should not be required to bear the expense of any operation the ultimate effect of which was cosmetic only. In holding there was no merit to the employer's argument and, although the major object of the proposed surgical procedures was for cosmetic purposes, the Commission had not acted beyond the power conferred by statute, the Court quoted from New York Central R. Co. v. Bianc, 250 U.S. 596, 40 S.Ct. 44, 63 L.Ed. 1161:

" 'Even were impairment of earning power the sole justification for imposing compulsory payment of workmen's compensation upon the employer in such cases, it would be sufficient answer to the present contention to say that a serious disfigurement of the face or head reasonably may be regarded as having a direct relation to the injured person's earning power, irrespective of its affect upon his mere capacity for work. Under ordinary conditions of life, a serious and unnatural disfigurement of the face or head very probably may have a harmful effect upon the ability of the injured person to obtain or retain employment. Laying aside exceptional cases, which we must assume will be fairly dealt with in the proper and equitable administration of the act, such a disfigurement may render one repulsive or offensive to the sight, displeasing, or at least less pleasing, to employer, to fellow employees, and to patrons or customers. (See Ball v. William Hunt & Sons, A.C. 496, 81 L.J.K.B.N.S. 782, 106 L.T.N.S. [811] 911, 28 Times L.R. 428, 56 Sol. Jo. 550, 5 B.W.C.C. 459.)' "

■ We are convinced the reasoning in the quoted statement is based upon sound considerations and expresses a salutary rule. The purpose of any surgical procedure is the effort to restore the injured employee to as nearly normal and natural condition as is possible and practicable. The fact some operative procedures are solely for the purpose of making the injured employee more presentable physically cannot reasonably be considered as outside the purview of the statute requiring additional medical treatment which may be awarded, within the discretion of the Industrial Court, as reasonably necessary.

In Douglas Aircraft Co., Inc. v. Titsworth, supra, at p. 368, we declared that Section 14 of the Act requires the employer to provide medical attention to the injured employee for a period of time in excess of 60 days if necessary, or until the duty to furnish medical attention is terminated and the obligation extinguished by appropriate order of the Industrial Court. Other decisions declaring the rule are cited and the following statement is made:

"We hold the matter of the necessity and reasonableness of the surgical reconstruction ordered to be extended petitioner involved determination of questions of fact which were required to be determined by the Industrial Court. Without exception we hold that the Industrial Court's decision upon such a question is final, and this court will not weigh the evidence relative to such finding to determine where reasonably supported by competent evidence."

■■ We hold the matter of necessity and reasonableness of the surgical reconstruction ordered extended to claimant involved questions of fact for determination by the Industrial Court. This Court will not weigh the evidence upon which such finding is based if there is any competent evidence reasonably supporting the Industrial Court's finding. Douglas v. Okmar

Oil Co., Okl., 383 P.2d 681; Rush Implement Co. v. Vaughn, Okl., 386 P.2d 177.

Order sustained.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.