ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THE PROVISIONS OF 47 O.S. 1140 [47-1140]. BECAUSE YOUR QUESTIONS CAN BE ANSWERED SOLELY AS A MATTER OF LAW, IT DOES NOT APPEAR NECESSARY AT THIS TIME TO ISSUE A FORMAL RESPONSE TO YOUR REQUEST I OFFER THE FOLLOWING COMMENTS REGARDING YOUR QUESTION IN LIEU OF A FORMAL RESPONSE TITLE 47 O.S. 1140 [47-1140] (1986) PROVIDES, IN PERTINENT PART: "A IN MUNICIPALITIES HAVING A POPULATION IN EXCESS OF EIGHT THOUSAND FIVE HUNDRED (8,500) LOCATED IN A COUNTY HAVING A POPULATION IN EXCESS OF ONE HUNDRED THIRTY THOUSAND (130,900), ACCORDING TO THE LAST FEDERAL DECENNIAL CENSUS, THE OKLAHOMA TAX COMMISSION SHALL ADOPT, BY JUNE 15, 1985, RULES AND REGULATIONS PRESCRIBING MINIMUM QUALIFICATIONS AND REQUIREMENTS FOR SERVICE AS A MOTOR LICENSE AGENT. SUCH QUALIFICATIONS AND REQUIREMENTS SHALL INCLUDE, BUT NOT BE LIMITED TO, THE FOLLOWING: 1. NECESSARY JOB SKILLS AND EXPERIENCE; 2 MINIMUM OFFICE HOURS; 3 PROVISION FOR SUFFICIENT STAFFING, EQUIPMENT, OFFICE SPACE AND PARKING TO PROVIDE MAXIMUM EFFICIENCY AND MAXIMUM CONVENIENCE TO THE PUBLIC; 4 OBTAINMENT OF A FAITHFUL PERFORMANCE SURETY BOND AS PROVIDED FOR BY LAW; AND OPERATION OF A MOTOR LICENSE AGENCY SHALL BE THE PRIMARY SOURCE OF INCOME FOR SAID AGENT UPON APPLICATION BY A PERSON TO SERVE AS A MOTOR LICENSE AGENT, IN SUCH COUNTIES, THE COMMISSION SHALL MAKE A DETERMINATION WHETHER SUCH PERSON AND SUCH LOCATION MEETS THE QUALIFICATIONS AND REQUIREMENTS PRESCRIBED HEREIN AND, IF SUCH BE THE CASE, SHALL APPOINT SUCH PERSON TO SERVE AS A MOTOR LICENSE AGENT. B. IN ALL OTHER COUNTIES OF THIS STATE AND IN MUNICIPALITIES HAVING A POPULATION OF LESS THAN EIGHT THOUSAND FIVE HUNDRED (8,500) LOCATED IN A COUNTY HAVING A POPULATION OF EXCESS OF ONE HUNDRED THIRTY THOUSAND (130,000), ACCORDING TO THE LAST FEDERAL BECENNIAL CENSUS, THE COMMISSION SHALL APPOINT AS MANY MOTOR LICENSE AGENTS AS IT DEEMS NECESSARY TO CARRY OUT THE PROVISIONS OF THE MOTOR VEHICLE LICENSE AND REGISTRATION ACT." (EMPHASIS ADDED) THIS STATUTE CREATES TWO CATEGORIES OF MOTOR LICENSE AGENTS: (1) THOSE IN MUNICIPALITIES HAVING A POPULATION IN EXCESS OF EIGHT THOUSAND FIVE HUNDRED LOCATED IN A COUNTY HAVING A POPULATION IN EXCESS OF ONE AND THIRTY THOUSAND, AND (2) THOSE IN ALL OTHER COUNTIES AND IN MUNICIPALITIES WITH A POPULATION OF LESS THAN EIGHT THOUSAND FIVE HUNDRED. IN THE LATTER CATEGORY OF COUNTIES, THE TAX COMMISSION IS AUTHORIZED TO APPOINT AS MAN MOTOR LICENSE AGENTS "AS IT DEEMS NECESSARY." HOWEVER, THERE IS NO SUCH RESTRICTION OR DISCRETION PROVIDED IN THE STATUTE GOVERNING THE FORMER TYPE OF MUNICIPALITY. AS A GENERAL RULE, THE LEGISLATURE'S SILENCE, WHERE IT HAS AUTHORITY TO SPEAK, MAY BE CONSIDERED AS GIVING RISE TO AN IMPLICATION OF LEGISLATIVE INTENT. THE CITY OF DUNCAN V. BINQHAM,394 P.2d 455 (OKL. 1964). CLEARLY, THE LEGISLATURE HAS THE AUTHORITY TO CONFER DISCRETION UPON THE TAX COMMISSION WITH RESPECT OF THE APPOINTMENT OF THE NUMBER OF MOTOR LICENSE AGENTS ALLOWED IN THE LARGER MUNICIPALITIES. NOT HAVING DONE SO, E MUST ASSUME THAT THE LEGISLATIVE INTENT WAS THAT THE TAX COMMISSION HAVE NO DISCRETION IN THIS REGARD, BUT RATHER TO ALLOW THE MARKET-PLACE TO DICTATE THE SUCCESS OF ANY PARTICULAR TAG AGENT. FURTHERMORE, TO CONSTRUE SUB-PARAGRAPH A AS ALLOWING THE TAX COMMISSION TO APPOINT ONLY ONE MOTOR LICENSE AGENT EVEN THOUGH OTHER APPLICANTS HAVE BEEN DETERMINED BY THE COMMISSION TO MEET THE NECESSARY QUALIFICATIONS AND REQUIREMENTS, WOULD BE TO AUTHORIZE A GREATER NUMBER OF TAG AGENTS IN SMALLER COMMUNITIES THAN ARE AUTHORIZED IN LARGER ONES. THIS IS NECESSARILY TRUE AS SUB-PARAGRAPH A DOES NOT AUTHORIZE THE TAX COMMISSION TO ADOPT RULES AND REGULATIONS RELATING TO GEOGRAPHIC OR POPULATION AREAS, BUT ONLY AS TO MINIMUM QUALIFICATIONS AND REQUIREMENTS FOR SERVICE AS AN AGENT. UNDER THE PREDECESSOR TO 1140, CODIFIED AT 47 O.S. 22.22-1 [47-22.22-1](A), REPEALED BY LAWS 1985, C. 179, 99, THE COMMISSION WAS AUTHORIZED "WHEN IT SEEMS NECESSARY" TO APPOINT NOT MORE THAN ONE MOTOR LICENSE AGENT FOR EACH TWENTY THOUSAND PERSONS IN EACH COUNTY OF THE STATE HAVING A POPULATION OF AT LEAST ONE HUNDRED AND FIFTY THOUSAND PERSONS. IT IS PRESUMED THAT THE AMENDMENT TO A STATUTE IS INTENDED BY THE LEGISLATURE TO ALTER THE FORMER STATUTE, WHERE THE MEANING OF THE FORMER STATUTE AS CLEAR OR JUDICIALLY SETTLED. GORDON V. BROWNING, 572 P.2d 603
(OKL.APP. 1977); ERWIN V. ERWIN, 433 P.2d 931 (OKL. 1965) IT MUST THEREFORE PRESUME THAT THE LEGISLATURE INTENDED TO REMOVE FROM THE TAX COMMISSION THE DISCRETIONARY AUTHORITY TO APPOINT MOTOR LICENSE AGENTS IN LARGER POPULATION CENTERS. (TAG AGENT) (SUSAN BRIMER LOVING)